**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**DAVID VELASQUEZ URIBE**

| | |
|---|---|
| **WALTER OBDULIO LOPEZ FAJARDO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11518 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Walter Obdulio Lopez Fajardo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents oppose the Petition. (ECF No. 6).

3. Petitioner is a citizen of Guatemala. (*Id.* at 1). On August 8, 2013, immigration authorities issued an expedited order of removal to Petitioner. (ECF No. 6-1 at 2). He was removed from the United States on August 14, 2013. (*Id.*)

4. Border Patrol encountered Petitioner again on September 27, 2013, September 8, 2022, September 13, 2022, and September 15, 2022. (*Id.* at 3). He was removed from the United States each time. (*Id.*)

5. Petitioner reentered the country at an unknown date and time and was detained by immigration authorities on September 3, 2026. (*Id.* at 2). His removal order was reinstated the same day. (ECF No. 6-3).

6. Petitioner filed his Petition on September 5, 2026 alleging that he was being unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 ¶¶ 2-3).

7. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he has a reinstated final order of removal and is still within the mandatory detention period. (ECF No. 6 at 1-2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner was ordered removed on August 9, 2013, and that order of removal was reinstated on September 3, 2026. (ECF No. 6-2; ECF No. 6-3). Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that [a noncitizen]has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

11. That reinstated removal order is administratively final. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1231.

12. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

13. "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26-cv-3789, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir. 2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267-73 (2025); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26-cv-2911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

14. Petitioner was taken into custody pursuant to a reinstated removal order on September 3, 2026, putting him well within the 90-day removal period. His detention is currently mandatory.[1]

[1] This decision is limited to the facts alleged in the Petition, and this Court expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future. Nothing in this Opinion and Order shall be construed to prevent him from making the argument.

15. Accordingly, this Court will deny the Petition. Any restrictions on Petitioner's location will be lifted.

16. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 21, 2026